JOSEPH H. HOEY, Appellant, *v.* THE NATIONAL SHOE AND LEATHER BANK of the City of New York, Respondent.

*Bill of particulars — contract providing that extra services were to be paid for at the actual cost of the labor and materials — bill of particulars stating the separate details of materials and labor not required.*

In an action to enforce a contract by which the plaintiff, for a specified sum per annum, agreed to provide the labor and materials for furnishing the defendant's building with heat, light and elevator service, the plant to be operated a certain number of hours per week, and any excess over that time to be paid for at such a price as would cover the actual cost of labor and materials, the plaintiff sought to recover for one month's services and materials at the contract price, and $300 for extra services rendered between certain dates, and, in answer to a demand for a bill of particulars of the extra services, rendered a statement that his claim was for furnishing steam heat and electric light at night for three months at $100 a month.

On motion of the defendant, the plaintiff was required to furnish a further bill of particulars specifying separately the quantities of coal, oil, waste and other materials alleged to have been furnished and the specific dates and values thereof, together with a specification of the extra services, stating the dates and value of the same, although he filed an affidavit to the effect that he could not give the quantities of coal or other materials used, but that during the period of three months, on account of some exigencies in the defendant's business, he had been required to run the plant at night.

*Held,* that it was not to be expected that on every day when the plaintiff operated the plant beyond the time prescribed in the contract he should weigh the coal or other material, and that it was enough for him to show the actual average cost per hour of operating the plant, both for labor and materials ; and that, upon establishing with reasonable certainty the amount of extra time during which he carried on such operation, he would be entitled to recover upon that basis ;

That the Special Term erred in requiring the plaintiff to furnish the separate details of materials and labor ; but that he was fairly called upon to state the extra time for operating the plant for which he claimed compensation; the weeks during which he made this overtime, and the amount of overtime of each week in hours.

APPEAL by the plaintiff, Joseph H. Hoey, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of July, 1898, granting the defendant's motion for a further bill of particulars.

*Thomas Abbott McKennell,* for the appellant.

*Roger S. Baldwin,* for the respondent.

PER CURIAM:

By the written contract between the parties the plaintiff's assignor was to furnish the heat, light and elevator service in defendant's building, and to provide both the labor and materials requisite for that purpose, for the sum of $2,800 a year; the plant to be operated seventy-two hours a week, and any excess over that time to be paid for at such price as would cover the actual cost of labor and materials. The plaintiff sues for one month's services and materials at the contract price, and for $300 for extra services rendered between February, 1894, and April, 1896. In answer to the defendant's demand for the particulars of this claim for extra services, the plaintiff rendered a statement that his claim was for furnishing steam heat and electric light at night for three months at $100 a month. On motion of the defendant the Special Term ordered the plaintiff to furnish a further bill of particulars, specifying separately the quantities of coal, oil, waste and other materials alleged to have been furnished, and the specific dates and values thereof, together with a specification of the extra services, stating the dates and value of the same. From that order this appeal is taken.

We think that the order of the Special Term went too far. The affidavit of the plaintiff was to the effect that he could not give the quantities of coal or other material used, but that during a period of three months, on account of some exigency in the defendant's business, he had been required to run the plant at night. Under the contract, if the plaintiff operated the plant more than seventy-two hours a week, he was entitled to compensation for the excess of time. He was to be paid for such excess, not the itemized cost of the labor and materials, but a sum that would reasonably cover such cost. It is not to be expected that on every day when the plaintiff operated the plant beyond the time prescribed in the contract he should weigh the coal or other material. We think it would be enough for him to show the actual average cost per hour of operating the plant, both for labor and materials; and that if he established with reasonable certainty the amount of extra time during which he carried on such operation, he would be entitled to recover

on that basis. For this reason we think the Special Term erred in requiring the plaintiff to furnish the separate details of materials and labor. But the plaintiff is fairly called upon to state the extra time of operating the plant, for which he claims compensation; the weeks during which he made this overtime and the amount of overtime of each week in hours. Unless he can establish these facts with some degree of certainty, there will be no basis for a recovery, and if he can establish them he should give their details and particulars to the defendant, that it may be able to meet the plaintiff's case.

The order appealed from should be modified in accordance with this opinion, without costs of this appeal to either party.

All concurred.

Order modified in accordance with opinion *Per Curiam.*